## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERICK ZANETICH, *on behalf of himself and those similarly situated*   )<br>)<br>)<br>     Plaintiff,   )<br>)<br>         v.   )<br>)<br>WAL-MART STORES EAST, INC. d/b/a   )<br>WALMART, INC. and SAM'S EAST,   )<br>INC. d/b/a/ SAM'S CLUB   )<br>FULFILLMENT CENTER   )<br>)<br>     Defendants.   )<br>) | Civil Action No. _____<br><br>State Docket No.: GLO-L-000605-22<br><br>(filed electronically) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Wal-Mart Stores East, LLC (improperly identified in the Complaint as Wal-Mart Stores East, Inc. d/b/a Walmart, Inc.) (hereinafter, "Wal-Mart") and Sam's East, Inc. (improperly identified in the Complaint as Sam's East, Inc. d/b/a/ Sam's Club Fulfillment Center) (hereinafter, "Sam's East") (hereinafter, collectively referenced as "Defendants") hereby remove *Erick Zanetich v. Wal-Mart Stores East, Inc. d/b/a Walmart, Inc. and Sam's East Stores, Inc. d/b/a/ Sam's Club Fulfillment Center* pending against them in the Superior Court of New Jersey, Gloucester County, under Docket No. GLO-L-000605-22 (the "State Court Action"), based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Removal is based on the following grounds.

## SUMMARY OF COMPLAINT

1.      On August 5, 2022, Plaintiff Erick Zanetich ("Plaintiff") served his Complaint on Defendants. A copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached collectively as **Exhibit A**. Therefore, Defendants' notice of removal in this action is timely. *See* 28 U.S.C. § 1446(b) (explaining that a notice of removal must be filed

within 30 days after a defendant receives a copy of the initial pleading in a lawsuit, by service or otherwise).

2.  Plaintiff purports to bring this action on behalf of himself, individually, and on behalf of those similarly situated who have suffered damages. Specifically, as stated in the Complaint: "Plaintiff seeks to represent a class of all persons who, since on or after February 22, 2021: (1) were denied employment by Defendants in the state of New Jersey because he or she tested positive for marijuana in pre-employment drug screen; and/or (2) were subject to any other adverse employment action because he or she tested positive for marijuana." (*See* Ex. A, Compl. at ¶ 12).

3.  In Count I of the Complaint, Plaintiff raises a cause of action against Defendants for violation of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act. (*Id.* at ¶¶ 36-41).

4.  In Count II of the Complaint, Plaintiff raises a cause of action against Defendants for failure to hire/wrongful discharge in violation of New Jersey public policy. (*Id.* at ¶¶ 42-47).

5.  In the WHEREFORE clause following both Counts, Plaintiff demands the following damages: "back pay, front pay, punitive damages, and all other relief this Court deems just and proper." (*Id.* at p. 8).

## II.  REMOVAL IS TIMELY AND VENUE IS PROPER

6.  Defendants base this removal on 28 U.S.C. § 1441(a), which allows removal of any state court action over which the United States District Courts have original jurisdiction.

7.  This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties, and the amount in controversy exceeds the statutory requirement of $75,000, exclusive of interests and costs.

8. Venue is proper because, pursuant to 28 U.S.C. §§ 1391 and 1441, this Court is in the United States District Court for the district and division embracing the place where the state court action is pending. 28 U.S.C. § 110.

9. Removal is timely because, pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is filed within 30 days of the date on which Plaintiff served Defendants with a copy of the Summons and Complaint.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal on Plaintiff's counsel and file it with the Clerk of the Superior Court of New Jersey, Gloucester County.

11. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the removed case are attached to this Notice of Removal and incorporated by reference. (*See* Ex. A).

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

12. Pursuant to 28 U.S.C. § 1441(b), suits are removable if none "of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." The only further requirement for diversity jurisdiction is that the amount in controversy exceeds $75,000.

#### A. The Named Parties Are Citizens of Different States

12. Plaintiff resides in the state of New Jersey. (*See* **Exhibit B**, Declaration of Leigh McMonigle, Esq., dated September 1, 2022, at ¶¶ 4-7 and Ex. 1 thereto).

13. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

14.     With respect to limited liability companies: "The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship." *Pharma Tech. v. Stevens Pharm. Equip. Indus., LLC,* Civ. A. No. 13-2910, 2013 U.S. Dist. LEXIS 67433, at *1 (D.N.J. May 13, 2013).

15.     Wal-Mart Stores East, LLC is a Delaware limited liability company with its headquarters in Arkansas. (*See* **Exhibit C**, Declaration of Geoff Edwards, dated September 1, 2022, at ¶ 4). Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. (*See id.* at ¶ 5). Walmart Inc. is a Delaware corporation with its headquarters in Bentonville, Arkansas. (*See id.* at ¶ 6).

16.     Thus, Wal-Mart Stores East, LLC is a citizen of both Delaware and Arkansas.

17.     Sam's East is a corporation organized in the state of Arkansas with its headquarters and principal place of business in Arkansas. (*See id.* at ¶¶ 7-8).

18.     Thus, Sam's East is a citizen of Arkansas.

19.     Therefore, complete diversity of citizenship exists between Plaintiff and Defendants.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

20.     Finally, the amount in controversy requirement also is met for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

21.     The allegations in the Complaint demonstrate that the alleged damages  exceed $75,000, exclusive of costs and interest.  (*See* Ex. A, Compl. at p. 8) (demanding back pay, front pay, punitive damages, and "all other relief this Court deems just and proper.")

22.     Where, as here, a plaintiff does not specify an amount in controversy, a defendant can satisfy its burden to establish the amount in controversy by demonstrating that the allegations in the Complaint indicate that it is more likely than not that the amount exceeds $75,000. *See*

*Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (where Plaintiff did not state exact sum sought, court found "it is more likely than not that more than $ 75,000 is in controversy in this case.").

23. With respect to the position Plaintiff was offered with a start date of February 7, 2022, referenced in paragraph 27 of the Complaint, based on the offer documentation, Plaintiff would have earned $19.85 per hour and worked 40 hours per week. (*See* **Exhibit D**, Declaration of Sergio Rangel, Jr., dated September 1, 2022, at ¶¶ 6-7). He therefore would have earned $794.00 per week ($19.85 x 40).

24. Based upon that compensation offer, as of the date of this filing, Plaintiff's individual demand for back pay already equals approximately $24,000.00.

25. Plaintiff also seeks front pay which could far exceed the amount of back pay. For example, one year of front pay could equal over $41,000.00. *See Young v. Bloomingdale's Short Hills*, No. 2:21-10764, 2021 U.S. Dist. LEXIS 174178, at *9 (D.N.J. Sep. 14, 2021) (considering front pay claim in evaluation of the amount in controversy).

26. In addition to front and back pay, Plaintiff is seeking punitive damages. (*See* Ex. A. Compl. at p. 8). For purposes of calculating the amount in controversy, punitive damages must be counted if they are available under New Jersey state law. *Venuto v. Atlantis Motor Grp., LLC,* No. 17-3363, 2017 U.S. Dist. LEXIS 169598, at *8 (D.N.J. Oct. 13, 2017); s*ee also Huber v. Taylor,* 532 F.3d 237, 244 (3d Cir. 2008) ("[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (noting that punitive damages must be considered when calculating the amount in controversy).

27. At this stage, the potential combined amount of back pay, front pay, and punitive damages satisfy the jurisdictional requirements regarding the amount in controversy.

28. Additionally, Plaintiff purports to bring this action as a class action on behalf of other similarly situated individuals who have allegedly sustained damages, which impacts the potential recoverable combined amount of lost wages and compensatory and punitive damages.

29. Accordingly, although Defendants reserve the right to object to the damages sought by Plaintiff and dispute that Plaintiff (or any identified potential class member) is entitled to recover any damages, based on a fair reading of the allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of interests and costs. Therefore, the amount in controversy requirement is satisfied for jurisdiction purposes under 28 U.S.C. § 1332 (a).

### IV.   CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Defendants, thus, have properly removed the underlying action to this Court.

Dated: September 2, 2022

/s/ Tracey E. Diamond
Tracey E. Diamond, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
Suite 400
301 Carnegie Center
Princeton, NJ  08540-6227
609.951.4235
Attorneys for Defendant

Christopher Moran, Esq.
Leigh H. McMonigle, Esq.
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September 2022, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of the Court's electronic filing system. The parties may access this filing through the Court's system. A copy was also served via U.S. mail:

> Justin L. Swidler, Esq.
> Alexa B. Wissner, Esq.
> Richard S. Swartz, Esq.
> SWARTZ SWIDLER, LLC
> 1101 Kings Highway N., Ste. 402
> Cherry Hill, NJ 08034

>> /s/ *Tracey E. Diamond*
>> Tracey E. Diamond, Esq.