# EXHIBIT A

®Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/05/2022
CT Log Number 542060618

## Service of Process Transmittal Summary

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in New Jersey**

**FOR:**  Wal-Mart Stores East, Inc.  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ZANETICH ERICK, on behalf of himself and those similarly situated vs. WAL-MART STORES EAST, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice |
| **COURT/AGENCY:** | Gloucester County Superior Court, NJ<br>Case # GLOL00060522 |
| **NATURE OF ACTION:** | Summons and Complaint - Class Action - Violation of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/05/2022 at 01:52 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt, not counting the date of receipt |
| **ATTORNEY(S)/SENDER(S):** | Justin L. Swidler<br>Swartz Swidler LLC<br>1101 Kings Hwy N, Ste 402<br>Cherry Hill, NJ 08034<br>856-685-7420 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/05/2022, Expected Purge Date: 08/15/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT



**CT Corporation**
**Service of Process Notification**
08/05/2022
CT Log Number 542060618

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Fri, Aug 5, 2022
**Server Name:**                    Drop Service

| Entity Served | Wal-Mart Stores East, Inc. |
|---|---|
| Case Number | GLOL00060522 |
| Jurisdiction | NJ |

| Inserts | |
|---|---|
| | |



## SUMMONS

Attorney(s) <u>Justin L. Swidler</u>

Office Address <u>Swartz Swidler LLC</u>

Town, State, Zip Code <u>1101 Kings Hwy N Ste 402</u>
<u>Cherry Hill NJ 08034</u>

Telephone Number <u>856-685-7420</u>

Attorney(s) for Plaintiff

<u>ERICK ZANETICH, individually and on</u>

<u>behalf of those similarly situated</u>

Plaintiff(s)

vs.

<u>Wal-Mart Stores East, Inc. d/b/a</u>

<u>Walmart Inc., et al.</u>

Defendant(s)

**Superior Court of
New Jersey**

<u>Gloucester</u>   County

<u>LAW</u>   Division

Docket No: _____

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith
_____
Clerk of the Superior Court

DATED: <u>06/11/2022</u>

Name of Defendant to Be Served: <u>Wal-Mart Stores East, Inc.</u>

Address of Defendant to Be Served: <u>200 Birch Creek Rd, Swedesboro, NJ 08085</u>
c/o CT Corp
820 Bear Tavern Rd.
Trenton, NJ 08628

Justin L. Swidler, Esq.
Alexa B. Wissner, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
856-685-7420
jswidler@swartz-legal.com

| | |
|---|---|
| ERICK ZANETICH, *on behalf of himself and those similarly situated,*<br><br>            Plaintiff,<br>      v.<br><br>WAL-MART STORES EAST, INC. d/b/a WALMART, INC. and SAM'S EAST, INC. d/b/a SAM'S CLUB FULFILLMENT CENTER<br><br>            Defendant. | SUPERIOR COURT OF NEW JERSEY GLOUCESTER COUNTY<br><br>CLASS ACTION<br><br>No:<br><br>COMPLAINT AND JURY TRIAL DEMAND |

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Named Plaintiff Erick Zanetich (hereinafter referred to as "Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Wal-Mart Stores East, Inc. d/b/a Walmart, Inc. (hereinafter referred to as "Defendant Walmart"), and Defendant Sam's East, Inc. d/b/a Defendant Sam's Club Fulfillment Center 6298 (hereinafter referred to as "Defendant Sam's Club")(hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.    Named Plaintiff has initiated the instant action to redress Defendants' violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act, N.J. Stat. 24:6I-31 ("CREAMMA") and the New Jersey common law. As a

result of Defendants' unlawful actions, Named Plaintiff and those similarly situated have suffered damages.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Named Plaintiff is an adult individual with an address as set forth above.

4.      Defendant Walmart is a company operating in New Jersey.

5.      Defendant Sam's Club is a company operating in New Jersey.

6.      At all times relevant herein, Defendants jointly employed Plaintiff.

7.      At all times relevant herein, Plaintiff was jointly employed by Defendants.

8.      Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of this instant action.

9.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## CLASS ACTION ALLEGATIONS

10.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11.     Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendants' violations of the CREAMMA and New Jersey public policy on behalf of himself and those similarly situated.

12.     Specifically, Named Plaintiff seeks to represent a class of all persons who, since on or after February 22, 2021: (1) were denied employment by Defendants in the state of New

Jersey because he or she tested positive for marijuana in a pre-employment drug screen; and/or (2) were subject to any other adverse employment action because he or she tested positive for marijuana (hereinafter members of this putative class are referred to as "Class Plaintiffs").

13.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants.

14.     Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was subject to an adverse employment action because he tested positive for marijuana, in violation of CREAMMA.

15.     Named Plaintiff will fairly and adequately protect the interests of the Class Plaintiffs, because Named Plaintiff's interests are coincident with and not antagonistic to those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee disputes.

16.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

17.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to

3

maintain separate actions against Defendants. Additionally, Named Plaintiff seeks injunctive relief ordering Defendants to cease enforcement of their unlawful policy.

18.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendants' conduct in denying employment or taking any other adverse action because the individual tested positive for marijuana on a drug test violates CREAMMA; and 2) whether Defendants' conduct in denying employment or taking any other adverse action because the individual tested positive for marijuana on a drug test is unlawful as a violation of public policy.

## FACTUAL BACKGROUND

19.     The foregoing paragraphs are incorporated herein as if set forth in full.

20.     Since February 22, 2021, and upon information and belief, continuing through the present, Defendants have enforced its Drug & Alcohol Policy ("Policy") with respect to all of their applicants seeking to work for Defendants in the state of New Jersey, and, upon information and belief, all of their employees working in the state of New Jersey.

21.     Pursuant to Defendants' Policy, "any applicant or associate who tests positive for illegal drug use may be ineligible for employment."

22.     Upon information and belief, Defendants consider marijuana to be an illegal drug pursuant to their policies.

23.     Upon information and belief, in the state of New Jersey, on and after February 22, 2021, Defendants subjected individuals to adverse employment actions because those individuals tested positive for marijuana during a drug test.

24. Upon information and belief, pursuant to Defendants' Policy, any employee working for Defendants in the state of New Jersey who tests positive for marijuana will face disciplinary action based on the positive test result, up to and including termination of employment.

25. On or around January 21, 2022, Named Plaintiff applied for employment with Defendants to work in the Asset Protection Department of Defendants' facility in the state of New Jersey.

26. On or around January 25, 2022, Defendants' Interviewing Manager Hasan [last name unknown] interviewed Named Plaintiff for the Asset Protection position.

27. On or around January 28, 2022, Defendants extended Named Plaintiff an offer of employment with a start date of February 7, 2022, subject to him submitting to and passing a drug test.

28. On or around January 21, 2022, Named Plaintiff took the drug test through a third-party, Inspira Urgent Care.

29. In or around early February 2022, Inspira Urgent Care informed Named Plaintiff that he tested positive for marijuana and that they are required to report the results to Defendants' HR department.

30. On or around February 10, 2022, Named Plaintiff emailed Human Resources Representative Kelly Barnett ("HR Representative Kelly") requesting an update on his application.

31. On or around February 12, 2022, HR Representative Kelly emailed Named Plaintiff and rescinded his job offer.

32.     Upon notice that Named Plaintiff's job offer was rescinded, Named Plaintiff promptly called Defendants' HR Department.

33.     During that conversation, Defendants informed Named Plaintiff that his employment offer was rescinded because his drug test came back positive for marijuana.

34.     As a result of Defendants' Policy, Named Plaintiff and Class Plaintiffs, all of whom have faced adverse employment actions because they tested positive for marijuana, have been harmed.

35.     As a result of Defendants' above-described illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT I**
**Violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and**
**Marketplace Modernization Act (CREAMMA)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

36.     The foregoing paragraphs are incorporated herein as if set forth in full.

37.     Pursuant to CREAMMA, "No employer shall refuse to hire or employ any person or shall discharge from employment or take any adverse action against any employee with respect to compensation, terms, conditions, or other privileges of employment because that person does or does not smoke, vape, aerosolize or otherwise use cannabis items, and an employee shall not be subject to any adverse action by an employer solely due to the presence of cannabinoid metabolites in the employee's bodily fluid ..." N.J. Stat. Ann. § 24:6I-52 (2021).

38.     Defendants' Policy, which subjects applicants and employees to adverse employment actions for testing positive for marijuana, violates CREAMMA.

39.     As a result of Defendants' Policy, Defendants subjected Named Plaintiff and Class Plaintiffs to adverse actions solely due to testing positive for marijuana on a drug test.

40. Named Plaintiff and Class Plaintiffs have suffered harm as a result of Defendants' unlawful conduct.

41. As a result of Defendants' conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Failure to Hire/Wrongful Discharge
#### *Pierce* Claim (Violation of Public Policy)
#### (Named Plaintiff and Class Plaintiffs v. Defendants)

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. Defendants' conduct in refusing to hire and/or terminating Named Plaintiff and Class Plaintiffs solely because they tested positive for marijuana violates a clear mandate of public policy of the state of New Jersey, as codified by CREAMMA. N.J. Stat. Ann. § 24:6I-52 (2021).

44. Defendants' conduct in refusing to hire and/or terminating Named Plaintiff and Class Plaintiffs solely because they tested positive for marijuana violates a clear mandate of public policy of the state of New Jersey, the right to privacy, which derives from Article 1, Paragraph 1 of the New Jersey Constitution.

45. Defendants' Policy which subjects applicants and employees to adverse employment actions for testing positive for marijuana violates these clear mandates of public policy, and accordingly is unlawful.

46. Named Plaintiff and Class Plaintiffs have suffered harm as a result of Defendants' unlawful conduct.

47. As a result of Defendants' conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of CREAMMA and/or New Jersey public policy;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions;

(3)     Defendants are to immediately reinstate Named Plaintiff's and Class Members' employment;

(4)     Defendants are to immediately rescind its Policy which imposes adverse employment actions on New Jersey employees solely for testing positive for marijuana on a drug test;

(5)     Named Plaintiff and Class Plaintiffs are to be awarded back pay, front pay, punitive damages, and all other relief this Court deems just and proper.

(6)     Named Plaintiff and Class Plaintiffs' claims are to receive a jury trial.

Respectfully Submitted,

*/s/Justin L. Swidler*

**SWARTZ SWIDLER, LLC**
Justin L. Swidler, Esq.
Alexa B. Wissner, Esq.
Richard S. Swartz, Esq.
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: June 13, 2022

8

9

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

*/s Justin L. Swidler* _____


## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

Respectfully Submitted,

*/s/ Justin L. Swidler* _____


## DESIGNATION OF TRIAL COUNSEL

Justin L. Swidler, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

Respectfully Submitted,

*/s/ Justin L. Swidler* _____

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY        NJ 08096

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    JUNE 13, 2022
                    RE:      ZANETICH ERICK  VS WAL-MART STORES EAST , INC.
                    DOCKET: GLO L -000605 22

      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON SAMUEL J. RAGONESE

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 878-5050 EXT 15265.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: JUSTIN L. SWIDLER
                              SWARTZ SWIDLER, LLC
                              1101 KINGS HIGHWAY NORTH
                              STE 402
                              CHERRY HILL     NJ 08034

ECOURTS

 **Wolters Kluwer**

**CT Corporation
Service of Process Notification**
08/05/2022
CT Log Number 542060667

## Service of Process Transmittal Summary

**TO:**     KIM LUNDY- EMAIL
          Walmart Inc.
          GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
          BENTONVILLE, AR 72712-3148

**RE:**     **Process Served in New Jersey**

**FOR:**    Sam's East, Inc.  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ZANETICH ERICK, on behalf of himself and those similarly situated vs. WAL-MART STORES EAST, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice |
| **COURT/AGENCY:** | Gloucester County Superior Court, NJ<br>Case # GLOL00060522 |
| **NATURE OF ACTION:** | Summons and Complaint - Class Action - Violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act |
| **PROCESS SERVED ON:** | C T Corporation System, West Trenton, NJ |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/05/2022 at 01:52 |
| **JURISDICTION SERVED:** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt, not counting the date of receipt |
| **ATTORNEY(S)/SENDER(S):** | Justin L. Swidler<br>Swartz Swidler LLC<br>1101 Kings Hwy N, Ste 402<br>Cherry Hill, NJ 08034<br>856-685-7420 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/05/2022, Expected Purge Date: 08/15/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

Page 1 of  2



**CT Corporation**
**Service of Process Notification**
08/05/2022
CT Log Number 542060667

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Aug 5, 2022
**Server Name:**                             Drop Service

| Entity Served | Sam's East, Inc. |
|---|---|
| Case Number | GLOL00060522 |
| Jurisdiction | NJ |

| Inserts | | |
|---|---|---|
| | | |



## SUMMONS

Attorney(s) _Justin L. Swidler_

Office Address _Swartz Swidler LLC_

Town, State, Zip Code _1101 Kings Hwy N Ste 402_
_Cherry Hill NJ 08034_

Telephone Number _856-685-7420_

Attorney(s) for Plaintiff

ERICK ZANETICH, individually and on

behalf of those similarly stuated

Plaintiff(s)

vs.

Wal-Mart Stores East, Inc. d/b/a

Walmart Inc., et al.

Defendant(s)

# Superior Court of
# New Jersey

_Gloucester_ County

_LAW_ Division

Docket No: _____

# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith

Clerk of the Superior Court

DATED: _06/11/2022_

Name of Defendant to Be Served: _Sam's East, Inc._

Address of Defendant to Be Served: _200 Birch Creek Rd, Swedesboro, NJ 08085_

c/o CT Corp
820 Bear Tavern Rd.
Trenton, NJ 08628

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Justin L. Swidler, Esq.
Alexa B. Wissner, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
856-685-7420
jswidler@swartz-legal.com

| | |
|---|---|
| ERICK ZANETICH, *on behalf of himself and those similarly situated,*<br><br>        Plaintiff,<br>   v.<br><br>WAL-MART STORES EAST, INC. d/b/a WALMART, INC. and SAM'S EAST, INC. d/b/a SAM'S CLUB FULFILLMENT CENTER<br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br><br>CLASS ACTION<br><br>No:<br><br>COMPLAINT AND JURY TRIAL DEMAND |

### **INDIVIDUAL AND CLASS ACTION COMPLAINT**

Named Plaintiff Erick Zanetich (hereinafter referred to as "Named Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Wal-Mart Stores East, Inc. d/b/a Walmart, Inc. (hereinafter referred to as "Defendant Walmart"), and Defendant Sam's East, Inc. d/b/a Defendant Sam's Club Fulfillment Center 6298 (hereinafter referred to as "Defendant Sam's Club")(hereinafter collectively referred to as "Defendants").

### **INTRODUCTION**

1.      Named Plaintiff has initiated the instant action to redress Defendants' violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act, N.J. Stat. 24:6I-31 ("CREAMMA") and the New Jersey common law. As a

1

result of Defendants' unlawful actions, Named Plaintiff and those similarly situated have suffered damages.

**PARTIES**

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Named Plaintiff is an adult individual with an address as set forth above.

4.      Defendant Walmart is a company operating in New Jersey.

5.      Defendant Sam's Club is a company operating in New Jersey.

6.      At all times relevant herein, Defendants jointly employed Plaintiff.

7.      At all times relevant herein, Plaintiff was jointly employed by Defendants.

8.      Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of this instant action.

9.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**CLASS ACTION ALLEGATIONS**

10.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11.     Pursuant to Rule 4:32 of the New Jersey Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendants' violations of the CREAMMA and New Jersey public policy on behalf of himself and those similarly situated.

12.     Specifically, Named Plaintiff seeks to represent a class of all persons who, since on or after February 22, 2021: (1) were denied employment by Defendants in the state of New

2

Jersey because he or she tested positive for marijuana in a pre-employment drug screen; and/or (2) were subject to any other adverse employment action because he or she tested positive for marijuana (hereinafter members of this putative class are referred to as "Class Plaintiffs").

13.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants.

14.     Named Plaintiff's claims are typical of the claims of the Class Plaintiffs, because Named Plaintiff, like all Class Plaintiffs, was subject to an adverse employment action because he tested positive for marijuana, in violation of CREAMMA.

15.     Named Plaintiff will fairly and adequately protect the interests of the Class Plaintiffs, because Named Plaintiff's interests are coincident with and not antagonistic to those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee disputes.

16.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

17.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to

maintain separate actions against Defendants. Additionally, Named Plaintiff seeks injunctive relief ordering Defendants to cease enforcement of their unlawful policy.

18.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are: 1) whether Defendants' conduct in denying employment or taking any other adverse action because the individual tested positive for marijuana on a drug test violates CREAMMA; and 2) whether Defendants' conduct in denying employment or taking any other adverse action because the individual tested positive for marijuana on a drug test is unlawful as a violation of public policy.

## **FACTUAL BACKGROUND**

19.     The foregoing paragraphs are incorporated herein as if set forth in full.

20.     Since February 22, 2021, and upon information and belief, continuing through the present, Defendants have enforced its Drug & Alcohol Policy ("Policy") with respect to all of their applicants seeking to work for Defendants in the state of New Jersey, and, upon information and belief, all of their employees working in the state of New Jersey.

21.     Pursuant to Defendants' Policy, "any applicant or associate who tests positive for illegal drug use may be ineligible for employment."

22.     Upon information and belief, Defendants consider marijuana to be an illegal drug pursuant to their policies.

23.     Upon information and belief, in the state of New Jersey, on and after February 22, 2021, Defendants subjected individuals to adverse employment actions because those individuals tested positive for marijuana during a drug test.

4

24.     Upon information and belief, pursuant to Defendants' Policy, any employee working for Defendants in the state of New Jersey who tests positive for marijuana will face disciplinary action based on the positive test result, up to and including termination of employment.

25.     On or around January 21, 2022, Named Plaintiff applied for employment with Defendants to work in the Asset Protection Department of Defendants' facility in the state of New Jersey.

26.     On or around January 25, 2022, Defendants' Interviewing Manager Hasan [last name unknown] interviewed Named Plaintiff for the Asset Protection position.

27.     On or around January 28, 2022, Defendants extended Named Plaintiff an offer of employment with a start date of February 7, 2022, subject to him submitting to and passing a drug test.

28.     On or around January 21, 2022, Named Plaintiff took the drug test through a third-party, Inspira Urgent Care.

29.     In or around early February 2022, Inspira Urgent Care informed Named Plaintiff that he tested positive for marijuana and that they are required to report the results to Defendants' HR department.

30.     On or around February 10, 2022, Named Plaintiff emailed Human Resources Representative Kelly Barnett ("HR Representative Kelly") requesting an update on his application.

31.     On or around February 12, 2022, HR Representative Kelly emailed Named Plaintiff and rescinded his job offer.

5

32.     Upon notice that Named Plaintiff's job offer was rescinded, Named Plaintiff promptly called Defendants' HR Department.

33.     During that conversation, Defendants informed Named Plaintiff that his employment offer was rescinded because his drug test came back positive for marijuana.

34.     As a result of Defendants' Policy, Named Plaintiff and Class Plaintiffs, all of whom have faced adverse employment actions because they tested positive for marijuana, have been harmed.

35.     As a result of Defendants' above-described illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT I**
**Violations of the New Jersey Cannabis Regulatory, Enforcement Assistance, and**
**Marketplace Modernization Act (CREAMMA)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

36.     The foregoing paragraphs are incorporated herein as if set forth in full.

37.     Pursuant to CREAMMA, "No employer shall refuse to hire or employ any person or shall discharge from employment or take any adverse action against any employee with respect to compensation, terms, conditions, or other privileges of employment because that person does or does not smoke, vape, aerosolize or otherwise use cannabis items, and an employee shall not be subject to any adverse action by an employer solely due to the presence of cannabinoid metabolites in the employee's bodily fluid …" N.J. Stat. Ann. § 24:6I-52 (2021).

38.     Defendants' Policy, which subjects applicants and employees to adverse employment actions for testing positive for marijuana, violates CREAMMA.

39.     As a result of Defendants' Policy, Defendants subjected Named Plaintiff and Class Plaintiffs to adverse actions solely due to testing positive for marijuana on a drug test.

40.     Named Plaintiff and Class Plaintiffs have suffered harm as a result of Defendants' unlawful conduct.

41.     As a result of Defendants' conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Failure to Hire/Wrongful Discharge**
***Pierce* Claim (Violation of Public Policy)**
**(Named Plaintiff and Class Plaintiffs v. Defendants)**

42.     The foregoing paragraphs are incorporated herein as if set forth in full.

43.     Defendants' conduct in refusing to hire and/or terminating Named Plaintiff and Class Plaintiffs solely because they tested positive for marijuana violates a clear mandate of public policy of the state of New Jersey, as codified by CREAMMA. N.J. Stat. Ann. § 24:6I-52 (2021).

44.     Defendants' conduct in refusing to hire and/or terminating Named Plaintiff and Class Plaintiffs solely because they tested positive for marijuana violates a clear mandate of public policy of the state of New Jersey, the right to privacy, which derives from Article 1, Paragraph 1 of the New Jersey Constitution.

45.     Defendants' Policy which subjects applicants and employees to adverse employment actions for testing positive for marijuana violates these clear mandates of public policy, and accordingly is unlawful.

46.     Named Plaintiff and Class Plaintiffs have suffered harm as a result of Defendants' unlawful conduct.

47.     As a result of Defendants' conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of CREAMMA and/or New Jersey public policy;

(2)     Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions;

(3)     Defendants are to immediately reinstate Named Plaintiff's and Class Members' employment;

(4)     Defendants are to immediately rescind its Policy which imposes adverse employment actions on New Jersey employees solely for testing positive for marijuana on a drug test;

(5)     Named Plaintiff and Class Plaintiffs are to be awarded back pay, front pay, punitive damages, and all other relief this Court deems just and proper.

(6)     Named Plaintiff and Class Plaintiffs' claims are to receive a jury trial.

Respectfully Submitted,

/s/Justin L. Swidler

**SWARTZ SWIDLER, LLC**
Justin L. Swidler, Esq.
Alexa B. Wissner, Esq.
Richard S. Swartz, Esq.
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: June 13, 2022

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

*/s Justin L. Swidler* _____

## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned matter.  I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

Respectfully Submitted,

*/s/ Justin L. Swidler* _____

## DESIGNATION OF TRIAL COUNSEL

Justin L. Swidler, Esquire, of the law firm of Swartz Swidler, LLC, is hereby designated trial counsel.

Respectfully Submitted,

*/s/ Justin L. Swidler* _____

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY       NJ 08096
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   JUNE 13, 2022
                        RE:     ZANETICH ERICK  VS WAL-MART STORES EAST , INC.
                        DOCKET: GLO L -000605 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON SAMUEL J. RAGONESE

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
AT:  (856) 878-5050 EXT 15265.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                ATT: JUSTIN L. SWIDLER
                                SWARTZ SWIDLER, LLC
                                1101 KINGS HIGHWAY NORTH
                                STE 402
                                CHERRY HILL      NJ 08034


ECOURTS